UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH A LINVILLE JR,

    Petitioner,

v.

CAROL MURPHY,

    Respondent.

CASE NO. 3:16-CV-05212-BHS-DWC

ORDER TO SHOW CAUSE OR FILE AMENDED PETITION

    Petitioner Kenneth A. Linville, Jr. filed a document entitled "Petition for a Writ of Habeas Corpus, Petitioner is not an Individual Pursuant to 5 U.S.C. § 552a(a)(2), Court Lacked Jurisdiction and Contract, Correct the Record." Dkt. 3. While unclear, the Court finds Petitioner is requesting (1) an order compelling Washington State Judge Carol Murphy to perform her official duties and (2) release from incarceration. *Id*. at pp. 9-10. Having reviewed the Petition, the Court declines to order Respondent to file an answer because the Petition does not comply with the Rules Governing Section 2254 Cases. The Court, however, provides Petitioner leave to file an amended petition by May 26, 2016, to cure the deficiencies identified herein.

**DISCUSSION**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must promptly examine the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

### I. Writ of Mandamus

If Petitioner is seeking a writ of mandamus to compel a Washington State judge to perform her duties, this claim is frivolous. A district court has the authority to issue all writs, including writs of mandamus, which are "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principals of law." 28 U.S.C. § 1651(a). Section 1651(a) does not provide a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). A petition for mandamus to compel a state official or agency to take or refrain from some action is frivolous as a matter of law. *See Demos v. United States District Court*, 925 F.2d 1160, 1161 (9th Cir. 1991). Therefore, Petitioner must show cause why his request for an order compelling Judge Murphy to perform her official duties should not be dismissed as frivolous.

### II. Writ of Habeas Corpus

Petitioner also requests release from custody, Dkt. 3, pp. 9-10, which would be appropriate under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973). To pursue a Section 2254 Petition, Petitioner must follow the Rules Governing Section 2254 Cases. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who has custody" of Petitioner. Further,

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state

the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The Petition must "substantially follow" a form prescribed by the local district court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d).

Petitioner filed a handwritten Petition citing to 5 U.S.C. § 552a, the Uniform Commercial Code, and the Trading with the Enemy Act of 1917. *See* Dkt. 3. He does not directly challenge a state conviction or sentence. *See id.* The Petition also does not comply with the Rules Governing Section 2254 Cases. The Petition fails to:

1) Name the state officer who has custody over Petitioner;

2) Specify all the grounds for relief available to Petitioner;

3) State facts supporting each ground;

4) Clearly state the relief requested; and

5) Substantially follow the Court's 2254 form.

The Petition is also not signed under penalty of perjury. *See* Dkt. 3.

If Petitioner intends to pursue a habeas action challenging his conviction or sentence, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original Petition by reference. The amended petition will act as a complete substitute for the original Petition, and not as a supplement.

If Petitioner fails to adequately address the issues raised herein and file an amended petition on or before May 26, 2016, the undersigned will recommend dismissal of this action.

1   The Clerk is directed to provide Petitioner with the forms for filing a petition for habeas
2   corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide copies of this
3   Order to Petitioner.
4   Dated this 26th day of April, 2016.

David W. Christel
United States Magistrate Judge